Scott E. Davis
State Bar No. 016160
SCOTT E. DAVIS, P.C.
20827 North Cave Creek Road, Suite 101
Phoenix, AZ  85024

Telephone:  (602) 482-4300
Facsimile:    (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Plaintiff Ashley R. LeClair*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Ashley R. LeClair,<br><br>            Plaintiff,<br><br>      v.<br><br>The Prudential Insurance Company of America, US Airways, Inc., US Airways, Inc. Employee Disability Plan,<br><br>            Defendants. | Case No.<br><br>**COMPLAINT** |

Now comes the Plaintiff Ashley R. LeClair (hereinafter referred to as "Plaintiff"), by and through her attorney, Scott E. Davis, and complaining against the Defendants, she states:

*Jurisdiction*

1.    Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover employee benefits. In addition, this action may be brought before this Court pursuant to 28 U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of the United States.

*Parties*

2. Plaintiff is a resident of Maricopa County, Arizona.

3. Upon information and belief, Defendant US Airways, Inc. (hereinafter referred to as the "Company") sponsored, subscribed to and administered a group short term disability policy and a group long term disability insurance policy, which were fully insured and administered by The Prudential Insurance Company of America (hereinafter referred to as "Prudential"). The specific Prudential short term disability policy is known as group policy number 46566. Upon information and belief, the Company's purpose in subscribing to the Prudential policy was to provide disability insurance for its employees. Upon information and belief, the Prudential policy may have been included in and part of the US Airways, Inc. Employee Disability Plan (hereinafter referred to as the "Plan") which may have been created to provide the Company's employees with welfare benefits. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1).

4. Upon information and belief, the Company or Plan may have delegated responsibility for the plan and/or claim administration of the policy to Prudential. Plaintiff believes that as it relates to her claim, Prudential functioned in a fiduciary capacity as the Plan and/or Claim Administrator.

5. Upon information and belief, Plaintiff believes Prudential operated under a conflict of interest in evaluating her claim due to the fact it operated in dual roles as the decision maker with regard to whether Plaintiff was disabled as well as the payor of

benefits; *to wit,* Prudential's conflict existed in that if it found Plaintiff was disabled it was also liable for payment of those benefits.[1]

6. The Company, Plan and Prudential conduct business within Maricopa County and all events giving rise to this Complaint occurred within Maricopa County.

### *Venue*

7. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

### *Nature of the Complaint*

8. Incident to her employment, Plaintiff was a covered employee pursuant to the Plan and the relevant policy and a "participant" as defined by 29 U.S.C. §1002(7). Plaintiff seeks disability income benefits from the Plan and the relevant policy pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B) as well as any other employee benefits she may be entitled to as a result of being found disabled.

9. After working for the Company as a loyal employee, Plaintiff became disabled on or about February 25, 2010 due to serious medical conditions and was unable to work in her designated occupation as a Technical Training Coordinator. Plaintiff has remained disabled as that term is defined in the relevant policy continuously since that date and has not been able to return to any occupation as a result of her serious medical conditions.

---

[1] "A plan administrator's dual role of both evaluating and paying benefits claims creates the kind of conflict of interest referred to in Firestone. *That conclusion is clear where it is the employer itself that both funds the plan and evaluates the claim*, but a conflict also exists where, as here, the plan administrator is an insurance company. For one thing, the employer's own conflict may extend to its selection of an insurance company to administer its plan." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343 (U.S. 2008) (emphasis added).

10. Following her disability, Plaintiff applied for short term disability benefits under the relevant short term disability policy.

11. The relevant short term disability policy provides the following definition of a covered disability which applies to Plaintiff's claim:

> "In order to receive benefits under Group Policy No. 46566, covered employees must meet all contractual requirements including the following definition of disability:
>
> - you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and
>
> - you have a 20% or more loss in weekly earnings due to the same sickness or injury…
>
> Material and Substantial duties mean duties that:
>
> - are normally required for the performance of your regular occupation; and
>
> - cannot be reasonably omitted or modified."

12. In support of her claim for short term disability benefits and thereafter, long term disability benefits, Plaintiff submitted medical records to Prudential from her treating physicians which supported she met the relevant definition of disability under the policy.

13. In a letter dated March 23, 2010, Prudential notified Plaintiff it had denied her claim for short term disability benefits.

14. Prudential's March 23, 2010 denial letter confirms it failed to provide a full and fair review pursuant to ERISA because it completely failed to reference, consider, and/or selectively reviewed and de-emphasized most, if not all of Plaintiff's evidence.

15. Pursuant to 29 U.S.C. § 1133, Plaintiff timely appealed the March 23, 2010 denial of her claim for short term disability benefits. In support of her appeal, Plaintiff submitted additional medical information and lay witness affidavits which demonstrated

1  she was unable to engage in her own occupation or in any occupation as set forth in the
2  relevant Prudential disability policy.

3  16. On appeal, Plaintiff submitted a September 20, 2010 narrative letter authored
4  by her treating physician, who is board certified in physical medicine and rehabilitation, as
5  well as pain management, who opined, "it is reasonable to assume that the patient has been
6  unable to work since February 2010, as she is [and] would be unable to sit, stand, walk or
7  do any lifting or carrying involving the left upper extremity for a prolonged period of time.
8  Concentration would be difficult secondary to her chronic pain complaints which would
9  preclude her from any sustained gainful employment," and "it is reasonable to assume that
10 the patient is unable to sustain gainful employment indefinitely."

11 17. In support of her appeal, Plaintiff submitted a September 20, 2010 narrative
12 letter authored by her treating physical therapist, in which her physical therapist confirms it
13 is his opinion, "it would be reasonable to assume that [Plaintiff] has been unable to work
14 since February 2010, due to her lack of ability to sit, stand, walk, reach, lift or carry any
15 objects, especially involving the left upper extremity for a prolonged period of time,
16 especially with any increased level of pace and persistence," and "based on a reasonable
17 degree of medical probability, it would be reasonable to assume that [Plaintiff] is unable to
18 sustain gainful employment indefinitely."

19 18. In further support of her appeal, Plaintiff submitted an August 23, 2010
20 Functional Capacity Evaluation, with a different qualified physical therapist who opined
21 Plaintiff was unable to perform even sedentary work.

22 19. In further support of her appeal, Plaintiff submitted to Prudential an October
23 2010 narrative letter authored by her treating chiropractor, wherein her chiropractor opined,
24 "[Plaintiff's] complaints of pain and physical limitations are credible and correlate with her
25 history, my exam findings, and objective test results. With this being said, it is reasonable

1 to assume that she will be unable to sustain any gainful employment indefinitely" and this
2 had been the chiropractor's opinion since February of 2010.

3     20. In further support of her appeal, Plaintiff submitted an October 20, 2010 vocational report with a qualified vocational expert. The vocational expert opined, "at this time it is evident that [Plaintiff] will not be returning to the workforce and from a vocational standpoint she is completely and totally disabled from all employment. [Plaintiff] fully meets the definition of disability as outlined in her policy or any such policy that may exist."

    21. In further support of her appeal, Plaintiff submitted four (4) lay witness affidavits confirming her inability to work in any occupation.

    22. In a letter dated January 6, 2011, Prudential notified Plaintiff it had finished its review of Plaintiff's claim and had upheld its decision to deny Plaintiff's claim for short and long term disability benefits. During the time Plaintiff's claim was on appeal with Prudential, the timeframe for the receipt of short term disability benefit expired and Plaintiff became eligible for long term disability benefits. Therefore, Prudential's denial dated January 6, 2011 was a denial of Plaintiff's short and long term disability claims. Prudential notified Plaintiff its denial of her claim for benefits was based in part on a records only review by one of its own physicians.

    23. Prudential has notified Plaintiff that she has exhausted her administrative remedies and can file a civil action in federal court pursuant to ERISA.

24. In evaluating Plaintiff's claim on appeal, Prudential had an obligation pursuant to ERISA to administer Plaintiff's claim "solely in her best interests and other participants" which it failed to do. [2]

25. Plaintiff believes it was unreasonable and evidence of Prudential's conflict of interest for Plaintiff's claim to be referred to a physician that may have an incentive to protect his or her consulting relationships with the disability insurance industry by providing medical review reports and opinions which selectively review and ignore evidence in order to provide opinions and reports which are favorable to insurance companies such as Prudential and which supported the denial of Plaintiff's claim. "ERISA imposes higher-than-marketplace quality standards on insurers" [3] and Prudential's referral of Plaintiff's claim on appeal to its own employee may have fallen well below any reasonable quality standard and therefore, denied Plaintiff of a full and fair review.

26. Plaintiff questions the independence, impartiality and bias of Prudential's own employee to fully and fairly review her claim and she believes the physician's opinion is adversarial because of this individual's conflict of interest as an employee. Plaintiff believes Prudential's financial conflict of interest is a motivating factor in why it referred Plaintiff's claim to its own employee for review.

---

[2] ERISA sets a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan. *See* 29 U.S.C. § 1104(a)(1). ERISA simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials." *See Firestone*, 489 U.S. at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting 29 U.S.C. § 1133(2)). ERISA also supplements marketplace and regulatory controls with judicial review of individual claim denials. *See* 29 U.S.C. § 1132(a)(1)(B); and, *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (2008).

[3] Id.

27. Plaintiff believes the reason Prudential provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due to its conflict of interest and this conflict is a reason her disability claim was denied.

28. Plaintiff is entitled to discovery regarding the aforementioned conflicts of interest of Prudential and any individual who reviewed her claim and the Court may properly weigh and consider evidence regarding the nature, extent and effect of *any* conflict of interest which may have impacted or influenced Prudential's decision to deny her claim.

29. With regard to whether Plaintiff meets the definition of disability set forth in the Plan, the Court should review the evidence in Plaintiff's claim *de novo,* because even if the Court concludes the Plan confers discretion, the unlawful violations of ERISA committed by the Plan and its administrators as referenced herein are so flagrant they justify *de novo* review.

30. As a direct result of Prudential's decision to deny Plaintiff's disability claim, she has been injured and suffered damages in the form of lost short and long disability benefits in addition to other potential employee benefits she may have been entitled to receive through or from the Plan and/or Company as a result of being found disabled.

31. The evidence supports a finding that Plaintiff meets the relevant definition of disability set forth in both the short and long term disability Prudential policies.

32. Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid benefits, prejudgment interest, reasonable attorney's fees and costs from Defendants.

33. Plaintiff is entitled to prejudgment interest at the rate of 10% per annum pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate her for losses she incurred as a result of Defendants' nonpayment of benefits.

WHEREFORE, Plaintiff prays for judgment as follows:

A.	For an Order requiring Defendants to pay Plaintiff short term disability benefits as a result of her meeting the definition of disability in the policy from the date she was first denied these benefits through the date of judgment and prejudgment interest thereon as well as any other employee benefits, including long term disability benefits, she may be entitled to from the Plan and/or Company as a result of being found disabled;

B.	For an order directing Defendants to continue paying Plaintiff the aforementioned benefits until such time as she meets the Plan or policy conditions for termination of benefits;

C.	For attorney's fees and costs incurred as a result of prosecuting this suit pursuant to 29 U.S.C. §1132(g); and

D.	For such other and further relief as the Court deems just and proper.

DATED this 30th day of May, 2011.

SCOTT E. DAVIS. P.C.

By:	*/s/ Scott E. Davis*
	Scott E. Davis
	Attorney for Plaintiff